

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# Milham v. Cortiva Ed Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4468

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Milham v. Cortiva Ed Inc" (2008). *2008 Decisions*. Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.07-4468
_____

DONALD J. MILHAM,

Appellant

v.

CORTIVA EDUCATION, INC.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
Case No. 06-CV-04226
(Honorable Michael M. Baylson)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on October 30, 2008

Before: McKEE, NYGAARD, and SILER* *Circuit Judges*

(Filed : December 12, 2008)

_____

* Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals for
the Sixth Circuit, sitting by designation.

OPINION OF THE COURT

McKEE, Circuit Judge

Donald Milham appeals the district court's grant of summary judgment in favor of Cortiva Education, Inc on Milham's ADEA claim and his state CEPA claim. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties who are familiar with this case, it is not necessary to recite the factual or procedural background. In the thorough and thoughtful opinion that was filed October 26, 2007, Judge Baylson details the allegations and evidence in this case and explains why Cortiva is entitled to summary judgment pursuant to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Milham v. Cortiva*, 2007 U.S. Dist. Lexis 79793 (E. D. Pa. 2007). Judge Baylson explained that Milham did establish a *prima facie* case, but he failed to " present[] . . . evidence to create a genuine issue of material fact regarding the credibility of Defendant's legitimate non-discriminatory reason for terminating him." *Id*., at *21.

The district court acknowledged that Milham did produce evidence that Wargo told him that "wearing ties to work was 'old school,'" and gave the perception of an "old professor" that was "unapproachable" by students. *Id*., at *16. However, as the district court explained, although comments by a decision-maker can constitute circumstantial evidence of discrimination, *see Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995), the comments of one manager that are this attenuated from the decision to terminate are not enough to survive summary judgment without more than appears on this record. *See Waldron v. SL Indus., Inc.,* 56 F.3d 491,

502 (3d Cir. 1995).  Accordingly, we will affirm the grant of summary judgment in favor of Cortiva on Milham's ADEA claim substantially for the reasons set forth by the district court.

## II.

We also agree with the district court's analysis of Milham's CEPA claim under New Jersey law.  As the district court explained, Milham has failed to raise a genuine issue of material fact about the causation element of his CEPA cause of action. The court noted: "Plaintiff can show no causal link, beyond a temporal connection, between his alleged whistle-blowing activities and his firing." *Milham*, 2007 U.S. Dist. Lexis 79793.  The district court thus concluded that Milham "can provide absolutely no evidence . . . to rebut Defendant's claim that he was fired because of his job performance." *Id*., at 27.

## III.

For all of the above reasons, we will affirm the district court's grant of Cortiva's motion for summary judgment for the ADEA claim and New Jersey CEPA claim.